RIEMER, Respondent, vs. RICE, Appellant.

*February 1 — May 25, 1894.*

*Written contract: Evidence of prior oral agreement: Real estate broker:*
*Option to purchase: Commissions.*

1. A written option to purchase land does not necessarily supersede a prior oral contract of agency between the same parties for the sale of the same land on commission, whether the option be regarded as an independent contract or merely as a writing to be used by the agent to show his authority to make a sale; and in either case the contract of agency may be shown by parol.

2. An agent to sell land, who was to receive as commission all that was realized on the sale exceeding $35,000, had also an option to purchase the land for $40,000. He produced a *bona fide* purchaser at $40,000, to whom the principal refused to convey, and he was obliged to take title to himself under his option in order to complete the sale. *Held*, that he was entitled to recover his commission.

APPEAL from the Circuit Court for *Waukesha* County.

Action to recover broker's commissions on sale of real estate. The plaintiff claimed that he was employed by defendant as broker to sell defendant's farm on Beaver Lake, Waukesha county, under a contract that the defendant was to receive $35,000 net, and plaintiff was to have, as his commissions, all that the farm brought exceeding $35,000. The defendant denied that he ever made any contract of this nature.

It appeared on the trial that negotiations were had between the parties on or about September 20, 1892. The character and effect of these negotiations were in dispute, the plaintiff claiming that they constituted an agency employment, as alleged by him in his complaint, and the defendant claiming that they were simply tentative conversations looking towards a purchase of the land by the plaintiff himself for $35,000. All of this testimony was objected to

by the defendant, and exceptions duly taken to its admission.

The remaining facts were not substantially in dispute. These facts were as follows: On the 28th of September, 1892, the parties met, and the following option contract was made and signed by the parties, in consideration of $50 then paid by plaintiff, viz.:

"Be it known that I, *John A. Rice*, of Hartland, Waukesha county, state of Wisconsin, for and in consideration of fifty (50) dollars, hereby grant an option to *Gustav J. Riemer*, of Milwaukee, county of Milwaukee and state of Wisconsin, for sixty days from the 28th day of September, 1892, on the following described property, situated on Beaver Lake, in sections 21 and 28, township 8 north, range 18 east, in Waukesha county, state of Wisconsin, being 128 acres of land, more or less, the same being known as 'Interlachen Hotel,' upon payment of thirteen thousand ($13,000) dollars, to be paid on or before the 28th day of November, 1892; the balance of twenty-seven thousand ($27,000) dollars to be secured by a mortgage and note or notes bearing even date therewith, at the rate of five (5) per cent. per annum, payable annually, and payable on or before five years. The said *John A. Rice* further agrees to furnish to said *G. J. Riemer* an abstract of title up to the date of 28th day of November, 1892, showing the said described property free and clear of all incumbrances. He further agrees to sell to said *G. J. Riemer* the furniture, carpets, bedding, linen, chinaware, cutlery, and every other article pertaining to said hotel, excepting certain pieces of furniture to be retained by the said *John A. Rice*, the same to be appraised by appraisers, to be appointed as follows: The said *John A. Rice* to select one appraiser, another to be selected by *Gustav J. Riemer*, and these two so selected to select a third party,—which three appraisers are to be wholly disinterested parties. He further agrees to take a mortgage

on said furniture and household utensils as part of the mort-
gage on the real property, the price of the furniture, etc.,
to be paid in with the first payment.   He further agrees to
sell to *G. J. Riemer* the grain, hay, and all farming imple-
ments, the same to be appraised on or before the 1st day of
April, 1893, the appraisers to be appointed in the same man-
ner as for the appraising of the furniture and household
utensils.   The said *G. J. Riemer* hereby agrees to let the
said *John A. Rice* occupy the house known as the 'Inter-
lachen Hotel' until the 1st day of April, 1893."

The plaintiff claimed that this option contract was exe-
cuted simply for the purpose of assisting him in his nego-
tiations for sale of the lands, and that it was not contem-
plated that he should himself become the purchaser; but
the defendant claimed that it was the true and only con-
tract between the parties.

After the execution of this option contract, a corpora-
tion was formed, through the efforts of the plaintiff, called
the Beaver Lake Hotel & Land Company, and on the 26th
day of November, 1892, said corporation offered, and was
fully prepared, to purchase the land named in the option
for $40,000, and to fulfill all the terms of the option; but
defendant refused to make a conveyance to the corporation,
whereupon the plaintiff, on the 28th day of November,
1892, paid the cash, amounting to $13,000, and executed
the notes and mortgage, amounting to $27,000, called for
by the contract, and received from defendant a deed of the
property, which he immediately deeded over to the corpo-
ration.

There was a verdict for the plaintiff, with damages fixed
at $5,000, and from judgment thereon defendant appeals.

*James Douglas*, for the appellant, contended, *inter alia*,
that to admit parol evidence of a collateral matter two
things are essential: (1) the writing must not on inspection
be a complete contract; (2) the parol evidence must be

consistent with and not contradictory of the written instrument. *Hei v. Heller*, 53 Wis. 415; *Engelhorn v. Reitlinger*, 122 N. Y. 76; *Thomas v. Scott*, 127 id. 133; *Smith v. Kemp*, 92 Mich. 357; *Fawkner v. Lew Smith W. P. Co.* 55 N. W. Rep. 200; *Taylor v. Davis*, 82 Wis. 455; Brown, Parol Ev. § 26; *Harrison v. McCormick*, 89 Cal. 327; *Kirch v. Davies*, 55 Wis. 299; *Merchants' & F. Nat. Bank v. McElwee*, 104 N. C. 305; *Moffitt v. Maness*, 102 id. 457.

For the respondent there was a brief by *Lyman G. Wheeler*, attorney, and *Chafin & Parkinson*, of counsel, and oral argument by *Mr. Wheeler* and *T. W. Parkinson*.

WINSLOW, J. The controlling question presented by the record is as to the admissibility of the evidence tending to show an oral contract of agency between the parties, by which the plaintiff undertook to find a purchaser for the defendant's farm upon commission. The defendant objected to all of this evidence on the ground that it tended to vary and contradict the written option contract afterwards made between the parties. If the evidence was admissible, the verdict and judgment must stand, because there was sufficient evidence to support it, but, if not admissible, then the verdict has nothing upon which to rest.

The principle that oral evidence cannot be received to vary, alter, or contradict the terms of a written contract is so elementary and well settled that it scarcely requires statement. It is a salutary rule, and one that has, we believe, been consistently adhered to by this court. But the rule itself suggests its limitations. It is the evidence which tends to establish an inconsistent obligation from that which is expressed in the writing which is rejected. Where, therefore, it is shown that there was an original verbal contract, and a part of it only has been reduced to writing, the rule does not apply as to the part not reduced to writing. 1 Greenl. Ev. (15th ed.), § 284a, and note; *Graffam v. Pierce*,

Riemer vs. Rice.

143 Mass. 386. So, if the oral and written contracts are distinct and separate undertakings, though perhaps relating to the same property, the fact that one is in writing does not prevent the proof of the other by parol, if it be not inconsistent with the writing. *Snow v. Alley*, 151 Mass. 15; *Hahn v. Doolittle*, 18 Wis. 196; *Collette v. Weed*, 68 Wis. 428; 17 Am. & Eng. Ency. of Law, 443, note 5. These rules are also supported by English decisions. *Harris v. Rickett*, 4 Hurl. & N. 1; *Lindley v. Lacey*, 112 Eng. C. L. 578.

Now, in the case before us, the evidence of the plaintiff tended strongly to show that there was a valid oral contract between the parties, by which the plaintiff was to undertake to find a purchaser for defendant's farm, and was to receive, as commission for his services, all that was realized on the sale exceeding $35,000; that the price for which it was to be offered to purchasers was to be $40,000; and that, to enable plaintiff to better handle the transaction and show to the world that he was authorized to make the sale, the option contract was executed and delivered to plaintiff. The two contracts may exist together, and are not necessarily inconsistent. A principal may lawfully give his agent an option to himself to purchase property in the agent's hands for sale, and we see no reason why such an option should supersede a valid agreement of agency for sale to others upon commission. It was said in *Russell v. Andrae*, 79 Wis. 108, that "agents are frequently invested by their principals with the title to property, for convenience in making sales thereof, and we are aware of no rule of law which excludes parol testimony to show the purpose of the transaction when proof of it becomes necessary." To the same effect are *Huckabee v. Shepherd*, 75 Ala. 342; *Clever v. Kirkman*, 33 Law T. (N. S.), 672; *Rogers v. Hadley*, 2 Hurl. & C. 227. If, therefore, we regard the written option as a valid contract which authorized the agent to himself become

Riemer vs. Rice.

the purchaser, it is a separate collateral contract which may consistently exist at the same time as the oral contract for sale of the property to others on commission, and hence does not supersede or vacate it. If, on the other hand, we regard the option as a mere writing, not intended by the parties to become a contract, but simply to be used by the agent as proof of his authority to make sale to others, the real character of the transaction may be shown. In either case the parol evidence which was received was admissible.

The charge of the court was not excepted to and is not preserved in the bill of exceptions; hence it must be conclusively presumed that the law was correctly stated to the jury. The evidence clearly showed, without contradiction, that plaintiff, after great exertion, procured the organization of a corporation which was ready and willing, and offered, to purchase the property for $40,000. Plaintiff therefore performed the entire parol contract, and was entitled to his commissions. When the defendant refused to deed the land to the corporation, the plaintiff was forced, in order to keep his engagements with the purchasing corporation, to fall back on his option and take title himself, and thus make himself the channel through which the title passed to the corporation. There is nothing in these facts which prevents the plaintiff from recovering his commissions, to which he had become fully entitled when he produced a *bona fide* purchaser. The defense in this case certainly comes with very ill grace. The defendant admits that he only asked $35,000 for the land. By plaintiff's successful exertions he has received $40,000, and proposes to retain the entire sum and let the plaintiff go unpaid. Both upon the law and the facts we think the verdict was right.

*By the Court.*— Judgment affirmed.