Argued 13 July, decided 8 August, 1904.

### THE AURELIA.

BARSTOW *v.* THE AURELIA.

[77. Pac. 835.]

ACCRUAL OF CAUSE OF ACTION.

1. A cause of action accrues when the owner thereof becomes entitled to sue on it, and not before.

BOAT LIEN — RIGHT TO SUE — LIMITATIONS.

2. Under Section 5722, B. & C. Comp., declaring that actions to enforce liens on boats constructed in this State shall be commenced within a stated time after "the cause of action shall have accrued," the right to sue is complete when the material or labor is to be paid for, and not when it is furnished.

From Multnomah: ARTHUR L. FRAZER, Judge.

Action by Carl H. Barstow against the steamboat Aurelia, her tackle, apparel, and furniture, to enforce a lien under Section 7506, *et seq.*, of B. & C. Comp., resulting in a judgment for the owners of the boat.　REVERSED.

For appellant there was a brief and an oral argument by *Mr. Raphael Citron* to this effect.

I. A cause of action accrues when a party has a legal right to sue on it, and not before: 19 Am. & Eng. Enc. Law (2 ed.), 193; 33 Century Dig. p. 393; Angell, Limitations (6 ed.), § 42; *Bartel* v. *Mathias*, 19 Or. 482, 489 (24 Pac. 918); *Van Nest* v. *Lott*, 16 Abb. Prac. 130; *Jones* v. *Barlow*, 62 N. Y. 205; *Re Lewis Sperry*, 47 Conn. 87; *Kennedy* v. *Burrier*, 36 Mo. 129; *Wolverton* v. *Taylor*, 132 Ill. 197 (22 Am. St. Rep. 521); *City* v. *Hamilton*, 132 Ind. 495.

II. Where payment is to be made on the happening of an event or contingency suit cannot be brought until the happening of the event on which payment depends: 19 Am. & Eng. Enc. Law (2 ed.), 193; *Crandell* v. *Payne*, 54 Ill. App. 644; *People* v. *Arguello*, 37 Cal. 524 (99 Am. Dec. 290); *Jones v. Barlow*, 62 N. Y. 205.

III. Where a mechanics' lien statute provides that the limitation shall be computed from the time when the cause of action accrued, the time does not begin to run until the debt is due: Phillips, Mech. Liens (2 ed.), § 329; *Robinson* v. *Marney*, 5 Blackf. (Ind.) 330; *Knickerbocker Ice Co.* v. *Kirkpatrick*, 51 Ill. App. 61; *Ehlers* v. *Elder*, 51 Miss. 495; *Cutcliff* v. *McAnally*, 88 Ala. 509; *Garrison* v. *Hawkins*, 111 Ala. 308; *Huck* v. *Gaylord*, 50 Tex. 579; *Kinney* v. *Hudnut*, 3 Ill. 472; *Cook* v. *Heald*, 21 Ill. 430; *Meeker* v. *Sims*, 84 Ill. 422.

IV. If credit is given for supplies and material furnished a vessel, the lien of the person so furnishing for the price thereof continues on the vessel for one year

after the demand falls due, without reference to whether the extension of credit was with or without the consent of the boatowner: B. & C. Comp. §§ 5706 and 5722; *Edgerly* v. *Schooner San Lorenzo*, 29 Cal. 419; *The John Walls Jr.*, 1 Sprague, 178 (Fed. Cas. No. 7432); *Tyler* v. *Currier*, 76 Mass. (10 Gray) 54.

For respondent there was an oral argument by *Mr. Elmer E. Coovert*, with a brief over the name of *Coovert & Stapleton*, to this effect.

1. The extension of time was between the materialman and the contractor, and the rule as to the effect of an extension will be more strictly construed when the owner is not a party to the agreement. Suit must be brought within one year after the cause of action accrued by operation of law, upon the furnishing of materials, without any agreement as to an extension of credit. If a materialman contravenes this rule by contracting to extend the time of credit he waives his lien altogether, if extended beyond the year, or such part as is covered by the extension, if within it. It is not competent for the parties to enlarge the lien given by statute: *Darby* v. *Steamboat Inda*, 9 Mo. *653 ; *Emerson* v. *Steamboat Shawano City*, 10 Wis. *433; *Newcomb* v. *Clermont*, 3 Greene, 295.

2. A lien is waived by giving credit when the credit is inconsistent with the lien: 19 Am. & Eng. Enc. Law (2 ed.) 1135; 20 Am. & Eng. Enc. Law (2 ed.), 362, 369; *The Kearsarge*, 1 Ware, 546 (Fed. Cas. No. 7634); *Veltman* v. *Thompson*, 3 N. Y. 442; *Mott* v. *Lansing*, 57 N. Y. 116; *Scudder* v. *Balkan*, 40 Me. 292; *Mehan* v. *Thompson*, 71 Me. 500.

MR. JUSTICE BEAN delivered the opinion of the court.

This is an action to enforce a lien under the boat lien law of this State on the steamboat Aurelia for materials used in her construction. The boat was built by one Ross, as contractor, and was completed on March 1, 1903. From

time to time between September 11 and October 17, 1902, during the building of the boat, Ross purchased of the plaintiff's assignor sundry materials to be used; and which were used, in the construction of the boat, under an agreement that the value thereof should not become due and payable until the boat had been completed. Section 5706, B. & C. Comp., provides : "Every boat or vessel used in navigating the waters of this State or constructed in this State shall be liable and subject to a lien, * * (2) for all debts due to persons by virtue of a contract, express or implied, with the owners of a boat or vessel, or with the agents, contractors, or subcontractors of such owner, or any of them, or with any person having them employed to construct, repair, or launch such boat or vessel, on account of labor done or materials furnished by mechanics, tradesmen, or others in the building, repairing, fitting, and furnishing, or equipping such boat or vessel, or on account of stores and supplies furnished for the use thereof, or on account of launch ways constructed for the launching of such boat or vessel." Sections 5707 to 5721, inclusive, provide the method of procedure for enforcing such lien, and Section 5722 declares : "All actions against a boat or vessel under the provisions of this chapter shall be commenced within one year after the cause of action shall have accrued." This action was commenced November 23, 1903, within one year after the credit allowed the contractor had expired and the debt had become due and payable, but not within a year after the materials were furnished.

1. The single question for decision is whether it was brought within the time required by law. The language of the statute seems to be so plain upon this point as to leave but little room for argument. It limits the time for the commencement of an action to enforce a lien to one year after "the cause of action shall have accrued."

Now, it is common learning that a cause of action does not accrue until the party owning it has a legal right to sue on it. In short, it accrues at the moment he may bring and prosecute an action thereon, and not earlier: 19 Am. & Eng. Enc. Law (2 ed.), 193.

2. In interpreting the boat lien law, there is no reason apparent why the language of the statute should be given any other than its ordinary and generally understood meaning. If the legislature had intended that the time in which to commence an action to enforce a lien should begin to run from the date of furnishing the material, regardless of the credit extended, it would have so provided. It did not do so, but, on the contrary, declared that the claimant should have one year from the time the cause of action accrued in which to commence his action, and this plainly means one year from the time he is entitled to sue on his claim. The reasoning of Mr. Justice SAWYER in *Edgerly* v. *Schooner San Lorenzo*, 29 Cal. 419, construing a similar statute, is clear and convincing, and gives effect to the plain import of the language used by the legislature. It can make no difference whether the materials were purchased by the owner or contractor, because the statute makes no distinction on that account. The earlier cases in Wisconsin and Missouri (*Emerson* v. *Steamboat Shawano City*, 10 Wis. *433; *Darby* v. *Steamboat Inda*, 9 Mo. *653), holding that under statutes of similar import the time in which to commence the action dates from the time the materials were actually furnished, and not from the expiration of the credit given therefor, are seemingly based upon the idea that possible hardship and injustice might be inflicted if the language of the statute were given its ordinary meaning. That is a matter, however, with which the courts have nothing to do. If a statute is plain and unambiguous, it is the province of a court to enforce it as

45 OR.——19

it comes from the legislature, and, if the language used does not express the idea intended to be conveyed, or if the law produces inconvenience or hardship, the remedy is with the legislature, and not with the court. The judgment of the court below will be reversed, and it is so ordered.                                                 REVERSED.

---

Decided 17 October, 1904.