BRINK, Respondent, vs. MITCHELL and another, Appellants.

*April 2—April 17, 1908.*

*Vendor and purchaser: Contract construed: Consideration: Condition precedent: Vendor's title: Damages.*

1. Defendants having acquired title to plaintiff's premises by foreclosure of their mechanics' lien leased the same to her for one year, and at the same time gave her a written option to purchase within one year on payment of a specified sum. The lease provided that in case she exercised her option the rent should apply on the purchase price. Plaintiff, having occupied the premises, elected to purchase. *Held* that, the option and the lease being substantially contemporaneous, relating to the same subject matter, and aiming to carry out a common purpose, there was ample consideration for the same.

2. Where an option agreement provided that the vendors would convey on the payment by the vendee of a specified sum and the payment of the taxes "to the proper officers," *held*, that the actual payment of the taxes to the proper officers was not a condition precedent, and the vendee's failure to pay them when due did not work a forfeiture of the option, if they were paid before the expiration of the option period.

3. Where an option agreement recited that the vendor had acquired title to the premises by foreclosure and that they would convey the same by a good and sufficient quitclaim deed, *held*, that the agreement called for a conveyance of the entire estate of the land embraced therein, and was in no way restricted by the prescription of the form of the conveyance by which the transfer should be made.

4. Where the vendors in an option agreement calling for the conveyance of the entire estate of land embraced therein have disabled themselves from complying with their agreement, the plaintiff upon election to purchase and tender of performance is entitled to recover the value of the premises at the time the conveyance was demanded, less any sum due the vendors under the option agreement.

APPEAL from a judgment of the circuit court for Green county: GEORGE GRIMM, Circuit Judge. *Affirmed.*

This is an action to recover damages for the breach of an option agreement made August 25, 1905, between the plaintiff and the defendants, whereby defendants, "in consideration of the sum of one dollar ($1.00), to us in hand paid by *Mary J. Brink,* the receipt whereof is hereby confessed and acknowledged, do hereby give, grant, and sell to her the right to purchase from us at any time before the 18th day of August, A. D. 1906, for the sum of four hundred fifteen and no 100 dollars, with interest . . . at six per cent.," two lots in the city of Monroe, Wisconsin. Plaintiff also agreed to pay this sum in cash upon delivery of a quitclaim deed to the premises by the defendants to her. She also agreed to pay "all taxes levied upon said premises after the date hereof, and the costs of all sidewalks required to be built on said premises, and the cost of painting said house." In case plaintiff should choose to take the premises at the aforesaid price, and should perform all the conditions of the contract by payment of the purchase price and by payment "to the proper officers" of the taxes so levied, defendants bound themselves "to convey . . . the . . . premises by a good and sufficient quitclaim deed." In case she did not comply with the terms of the agreement, then the option was to be void. It was further stipulated that:

"Whereas [defendants] have this day acquired the title to the above-described premises by purchase at foreclosure sale in an action wherein they were the plaintiffs, and the said *Mary J. Brink et al.* were defendants, it is hereby provided and agreed that if the [defendants] be disturbed in their title to said premises or of any part thereof by any of the defendants in the above-entitled action, or by anybody claiming under them, or either of them, then this contract shall cease and be null and void."

At the time this option was made and executed plaintiff and defendants entered into a lease of the premises, whereby defendants leased them to plaintiff for one year at a rental

of $5 per month, to be paid in advance on the 25th day of each month. The lease contains the following:

"Whereas the said parties of the first part [defendants] have given to the said party of the second part [plaintiff] a written option for the purchase of the said premises at any time during the continuance of this lease: now, therefore, it is hereby agreed that if the said party of the second part shall exercise said option and purchase said premises, the rent hereinafter provided for shall be applied on the purchase price thereof."

It appears that the one-dollar consideration agreed upon in the lease was not actually paid and that the plaintiff was in default in making monthly payments of the rent under the lease; that defendants, about August 1, 1906, sold and conveyed these premises to a third person without plaintiff's knowledge or consent; that plaintiff on August 15, 1906, gave notice to the defendants that she elected to purchase the premises pursuant to the option agreement, offered performance of its terms, demanded a conveyance of the premises by defendants as therein provided, and tendered defendants payment of the agreed price of the lots, the sums expended by the defendants for taxes and for repairs of the sidewalk on the premises, with interest on the amounts due.

The court held that defendants breached the option agreement by the sale of the premises to a third person, that plaintiff before the expiration of the option tendered full performance of it, and that the plaintiff suffered damages from defendants' breach of the option agreement in the sum of $703.32. This is an appeal from the judgment in accordance therewith.

For the appellants there was a brief by *Jeffris, Mouat, Smith & Avery,* and oral argument by *L. A. Avery.* They argued, among other things, that, the one dollar mentioned in the option as the consideration for the agreement to convey never having been actually paid, the appellants' promise was void for want of consideration. 1 Warvelle, Vendors

(2d ed.) § 125; *Brown v. San Francisco Sav. Union,* 134 Cal. 448, 66 Pac. 592; *Ide v. Leiser,* 10 Mont. 5, 24 Pac. 695; *Litz v. Goosling,* 93 Ky. 185, 21 L. R. A. 127; *Coleman v. Applegarth,* 68 Md. 21, 11 Atl. 284; *Burnet v. Bisco,* 4 Johns. 235. Respondent having failed to prove what, if any, title the appellants had in the property, she could recover only nominal damages, as appellants agreed at most to give only a quitclaim deed, which indicated merely an agreement to convey whatever title they might have, and the evidence showed that appellants acquired by their purchase at the foreclosure sale a doubtful title, if any at all.

*J. L. Sherron,* for the respondent, argued, among other things, that the appellants were precluded from questioning the validity of the contract for want of consideration because the contract was under seal and recited a consideration. *Fuller v. Artman,* 69 Hun, 546, 24 N. Y. Supp. 13; *Murdock v. Gilchrist,* 52 N. Y. 242, 246; *Rockwell v. Brown,* 54 N. Y. 210, 213; *Aller v. Aller,* 40 N. J. Law, 446; *M'Crea v. Purmort,* 16 Wend. 460; 2 Devlin, Deeds (2d ed.) § 834; 2 Herman, Estoppel, § 624; *Eaves v. Vial,* 98 Va. 134; *Basch v. Humboldt Mut. F. & M. Ins. Co.* 35 N. J. Law, 429; Bishop, Cont. (2d ed.) § 275; *Silver v. Kent,* 105 Fed. 840; 1 Beach, Cont. §§ 148, 150, 151; *Pollock v. Brookover,* 60 W. Va. 75; Clark, Cont. (2d ed.) 33; *O'Brien v. Boland,* 166 Mass. 481, 44 N. E. 602; *Mansfield v. Hodgdon,* 147 Mass. 304, 17 N. E. 544; *Mathews S. Co. v. New Empire S. Co.* 122 Fed. 972; *Willard v. Tayloe,* 8 Wall. 557; *Watkins v. Robertson,* 105 Va. 269, 5 L. R. A. N. s. 1200. The option and the lease should be construed together and the circumstances disclosed ample consideration for both. 1 Beach, Cont. § 713; *Haggerty v. White,* 69 Wis. 317; *Herbst v. Lowe,* 65 Wis. 316; *Winner v. Hoyt,* 66 Wis. 227, 234; Waterman, Spec. Perf. § 200; *Hayes v. O'Brien,* 149 Ill. 403, 23 L. R. A. 555, and cases cited on p. 558; *Telford v. Frost,* 76 Wis. 172; *Wall v. M., St. P. & S. S. M. R. Co.*

86 Wis. 48; *Maxon v. Gates,* 112 Wis. 196; *Sizer v. Clark,* 116 Wis. 534; *Cheney v. Cook,* 7 Wis. 413.

Siebecker, J.   The court concluded that the option contract and the lease were substantially contemporaneous in time, related to the same subject matter, and aimed to carry out the common purpose that defendants should lease the premises to the plaintiff upon the terms specified for the period of one year, with the right of the plaintiff to purchase the premises upon the terms and conditions expressed in the written option.   The facts and circumstances surrounding the making of these agreements and their provisions sustain the trial court's conclusion that the lease and option were made pursuant to a common agreement.   The lease contains an express agreement that the rent reserved shall be applied on the purchase price if the plaintiff should elect to purchase the premises under the option.   This is plainly indicative that the lease and the written option embrace different parts of the same agreement and pertain to the same subject matter, namely, plaintiff's right to purchase and to occupy these premises for the period of one year.   Plaintiff has occupied the premises under the lease and become liable for the rent reserved, and is liable therefor as rent, unless she has complied with the terms of the option and thereby secured the right to apply the amount thereof as part payment of the purchase price.   The lease has been carried out between the parties to the extent of plaintiff having possession of the premises, and during the year she elected to apply the rent reserved as part payment of the purchase price of the premises under the option.   These circumstances show ample consideration to sustain the lease and option, and we need not look for any other consideration to sustain the option. By the option contract it was agreed that plaintiff should have the right to purchase the premises upon payment of the price agreed upon, the taxes levied after the date of the contract, and the expenses incurred for sidewalk construction

during the year covered by the option. It is further stipulated that if plaintiff should choose to take the premises, pay defendants the agreed price, and pay "to the proper officers" all such taxes, then defendants were to convey the premises to her "by a good and sufficient quitclaim deed," and in case of her default in any of these matters the option was to be void.

The argument is made that the second clause referring to the payment of taxes levied after the date of the option "to the proper officers" evinces that the parties intended that actual payment "to the proper officers" should be a condition precedent, and that a failure so to pay them when due and payable should be considered a breach of the option and work a forfeiture of her rights under it. We find cogency and force in respondent's reply that such an intent is negatived by the agreement that she might pay the consideration and such taxes at any time she might elect to purchase before the option expired. The conditions of the right to purchase during the year fixed by the option are so clearly expressed that any inference to the contrary respecting the time and manner of payment of the tax, based on the latter clause, must be deemed as negatived by the express agreements, and as showing that no such condition as appellants contend for was agreed upon by the parties.

The point is made that respondent is not entitled to judgment because the pleadings and the proof fail to show what interest in the premises defendants agreed to convey under the option. The agreement is that defendants should convey the premises to plaintiff by a good and sufficient quitclaim deed upon her compliance with its terms. The agreement also recites that defendants have acquired the title to the premises by purchase on foreclosure sale. These terms of the agreement call for a conveyance of the entire estate of the lands embraced therein. *Arentsen v. Moreland,* 122 Wis. 167, 175, 176, 99 N. W. 790.

It is urged that the agreement to convey "by a good and

sufficient quitclaim deed" is in effect an agreement ·to convey whatever interest defendants have in the premises, and that these words operate to restrict the other parts of the agreement respecting the conveyance of the entire estate. We find no such effect in this clause of the agreement. It prescribes by what form of conveyance transfer shall be made, and in no way restricts the previous terms calling for a conveyance of the entire estate. Since defendants have disabled themselves from complying with the option upon plaintiff's election to purchase and upon a tender of performance of its terms, the court properly ascertained the value of the premises at the time conveyance was demanded and awarded recovery for the amount by which such value exceeded the sum then due from plaintiff under the option agreement.

We find no reversible error in the record.

*By the Court.*—Judgment affirmed.