DE WOLF, Appellant, vs. WISCONSIN LAKES ICE & CARTAGE COMPANY, Respondent.

*December 8, 1909—January 11, 1910.*

*Brokers: Commissions on sale of land: Contract construed.*

1. By a contract reciting that plaintiff, a broker, had undertaken to procure a lessee or purchaser for certain land, defendant, the owner, agreed that if a certain lease should be executed plaintiff should receive a certain commission, and if thereafter during the term the lessee, its successors or assigns, should purchase the land, plaintiff should, "upon the execution and delivery by" defendant "of a deed to said real estate" to the lessee, its successors or assigns, receive a certain sum as a further and additional commission. The lease was executed, and gave to the lessee, its successors or assigns, an option to purchase. A successor to the rights of the lessee purchased pursuant to such option, and received a deed from a mesne grantee of the defendant who had purchased the land subject to the lease and option. *Held*, that plaintiff thereupon became entitled to the additional commission from defendant, it being immaterial whether the deed was executed directly by defendant to such purchaser or through mesne conveyances.

2. Defendant could not escape liability for such additional commission by transferring the land to another, or by any failure on its part to execute and deliver the deed to the purchaser under the option given in the lease.

APPEAL from an order of the circuit court for Milwaukee county: WARREN D. TARRANT, Circuit Judge. *Reversed.*

This action was brought to recover commission on sale of real estate based upon the following contract:

"Whereas, *John E. De Wolf* has undertaken to procure a lessee or purchaser for the *Wisconsin Lakes Ice & Cartage Company,* of the real estate in the city and county of Milwaukee, Wisconsin, known and described as lot nine (9), in section sixteen (16), town seven (7) north, of range twenty-two (22) east, in the Eighteenth ward, west of the right of way of the Chicago & Northwestern Railroad Company:

"Now, therefore, it is agreed by and between the *Wisconsin Lakes Ice & Cartage Company* and said *John E. De Wolf*

that if the lease of said real estate, concerning which negotiations are now pending, is executed by the *Wisconsin Lakes Ice & Cartage Company* to the Christianson Engineering Company, as lessee, and accepted by said lessee, *John E. De Wolf* shall receive, upon the execution and acceptance of said lease, the sum of six hundred dollars ($600) commission; and if, after the execution and acceptance of said lease at any time during the term thereof the Christianson Engineering Company, its successors or assigns, should become the purchaser of said real estate, the said *John E. De Wolf* shall, upon the execution and delivery by the *Wisconsin Lakes Ice & Cartage Company* of a deed of said real estate to the Christianson Engineering Company, its successors or assigns, receive as a further and additional commission the sum of six hundred dollars ($600).

"In witness whereof the said parties have hereunto caused their names signed this 7th day of October, A. D. 1899.

"WISCONSIN LAKES ICE & CARTAGE COMPANY,.

"By J. H. Kopmeier, Secretary.

"JOHN E. DE WOLF.

"Signed in presence of Nathan Glicksman."

The complaint sets out the contract, and alleges that plaintiff was a dealer in real estate and doing a general real estate business in the city of Milwaukee, Wisconsin; that the contract above set out was entered into between the parties; that pursuant to the contract a lease was executed by the *Wisconsin Lakes Ice & Cartage Company*, defendant, to the said Christianson Engineering Company for a term of ten years, by virtue of which lease the defendant granted to the Christianson Engineering Company, its successors and assigns, an option to purchase the premises in question; that the Christianson Engineering Company went into possession under the lease, erected large buildings thereon, and made permanent improvements of the value of upwards of $150,000, and by itself, its successors and assigns, has continued in possession of said premises; that the defendant by warranty deed conveyed the premises to one Adolph Kellner, subject to the lease and option to purchase the premises and the various provisions

De Wolf v. Wisconsin Lakes I. & C. Co. 141 Wis. 239.

and conditions in the lease, and reserving to itself, in case the lessee should exercise the option to purchase, the right to cut ice for the term of twenty years from October 2, 1899; that Kellner and wife by warranty deed dated July 5, 1901, conveyed the premises for value to Jacob Nunnemacher, subject to the lease and reservations and the option to purchase the premises; that on December 3, 1902, the Christianson Engineering Company granted to the Chicago & Northwestern Railway Company an easement in the premises, and on the same date Nunnemacher granted an easement to said railway company; that on May 16, 1902, the Christianson Engineering Company conveyed to the National Electric Company all its right, title, and interest in the premises; that the National Electric Company was adjudged a bankrupt on the 8th day of June, 1905, and that John I. Beggs was appointed trustee on the 14th day of July, 1905, and qualified as such and went into possession of the property in question; that said Beggs as trustee exercised the option granted by the defendant to the Christianson Engineering Company, its successors and assigns; that Nunnemacher and wife conveyed to Beggs as trustee by warranty deed March 27, 1906, the premises, subject to the easements reserved by the defendant; that the defendant at the time of the execution of the lease referred to paid to the plaintiff, pursuant to the contract hereinbefore set forth, the sum of $600. The complaint further alleges due performance of the conditions of the contract on the part of the plaintiff and the exercise of the option to purchase by John I. Beggs as trustee, and a conveyance of the premises during the term of said lease and option, by reason whereof the defendant became indebted to the plaintiff in the sum of $600, which has not been paid although demanded.

The defendant demurred to the complaint for want of facts sufficient to constitute a cause of action, which demurrer was sustained, and from the order sustaining the demurrer this appeal was taken.

*Adolph Huebschmann,* for the appellant.

For the respondent there was a brief by *Henry J. Killilea* and *Rodger M. Trump,* and oral argument by *Mr. Killilea.*

KERWIN, J.    The case turns upon the proper construction of the contract between plaintiff and defendant set up in the statement of facts.    By this contract the plaintiff was to be paid $600 upon execution of a lease about which negotiations were pending at the time the contract was made.    This lease was executed by the defendant to the Christianson Engineering Company as lessee and the $600 paid.    The lease was for the term of ten years, and contained an option to the Christianson Engineering Company, its successors and assigns, to purchase.    Under the lease and option the Christianson Engineering Company went into possession and made permanent improvements upon the property to the value of upwards of $150,000.    The contract further provided:

"And if, after the execution and acceptance of said lease at any time during the term thereof the Christianson Engineering Company, its successors or assigns, should become the purchaser of said real estate, the said *John E. De Wolf* shall, upon the execution and delivery by the *Wisconsin Lakes Ice & Cartage Company* of a deed of said real estate to the Christianson Engineering Company, its successors or assigns, receive as a further and additional commission the sum of six hundred dollars ($600)."

We think it clear from the contract that the intention of the parties was that $600 should be paid when the lease was executed and accepted by the lessee, and that plaintiff was to receive $600 additional when the Christianson Engineering Company, its successors or assigns, should become the purchaser.    When the contract to purchase was made the plaintiff became entitled to the additional $600, the language of the contract, "upon the execution and delivery," etc., having reference to the time of payment of the $600.    The plaintiff had performed his part of the contract when he procured the pur-

chaser. It then became the duty of the defendant to make the proper transfer. And whether the transfer was made direct from defendant to the purchaser, or through mesne conveyances from the defendant, was wholly immaterial. The defendant was bound under the lease and option to make the transfer at any time during the life of the lease and option, and the purchasers from the defendant took the property subject to the lease and option. The conveyance from Nunnemacher and wife to the successors and assigns of the Christianson Engineering Company was a transfer of the property in pursuance of the contract with the plaintiff, and the plaintiff became entitled to the additional $600. The defendant could not escape liability for the payment of commission by transferring the property to another or by putting it out of its power to perform its part of the contract. *Cook v. McCabe,* 53 Wis. 250, 10 N. W. 507; *Comstock v. Fraternal Acc. Asso.* 116 Wis. 382, 93 N. W. 22; *Magill v. Stoddard,* 70 Wis. 75, 35 N. W. 346; *Riemer v. Rice,* 88 Wis. 16, 59 N. W. 450; *C. Aultman & Co. v. Ritter,* 81 Wis. 395, 51 N. W. 569; *Barthell v. Peter,* 88 Wis. 316, 60 N. W. 429; *Brink v. Mitchell,* 135 Wis. 416, 116 N. W. 16.

The contention of respondent is that under the terms of the contract the commission was not earned until a deed from the defendant was executed and delivered to the Christianson Engineering Company, its successors and assigns. The construction contended for by respondent is more technical than substantial and cannot be regarded as the construction intended by the parties. It cannot be held that the plaintiff was responsible for failure of performance on the part of respondent. When the plaintiff procured the purchaser it was the duty of respondent to perform its part of the contract by the execution and delivery of the deed.

Stress is placed upon the fact that while the contract provides for purchase by the Christianson Engineering Company, its successors and assigns, there is no provision for execution

and delivery of deed by the successors and assigns of defendant. The argument is ingenious but unsound. The purchase by the Christianson Engineering Company, its successors or assigns, under the lease and option entitled it to a deed from the defendant, and the defendant could not avoid the performance of its contract so as to defeat payment of commission by placing the title to the property in its successors or assigns any more than it could avoid performance by refusing or failing to make the deed had it not parted with the title. It follows, therefore, that upon the facts stated in the complaint and admitted by the demurrer the complaint states a cause of action and the demurrer should have been overruled.

*By the Court.*—The order sustaining the demurrer is reversed, and the cause remanded with directions to overrule the demurrer.