Argued March 31, affirmed May 9, 1916.

ZURCHER *v.* BOOTH.

(157 Pac. 147.)

**Limitation of Actions—Time of Accrual.**

1. The statute of limitations begins to run from the time when a complete cause of action accrued; that is, when the action may be maintained.

Brokers—Compensation—Performance of Contract.

2. A broker employed to find an absolute purchaser at a specified price has no right of action to recover a commission by procuring a person to execute a contract by which it is optional with him to make the payments specified therein and complete the purchase, and by the terms of which on his failure to do so the contract becomes void, and he merely forfeits the amount paid.

Limitation of Actions—Contracts—Broker's Compensation.

3. Where a broker obtains a purchaser of real estate who first executes an optional agreement, and later purchases the property, his commission becomes due, and his cause of action accrues only at the time of the purchase and action thereon is limited by Sections 3, 6, L. O. L.

[As to when a broker becomes entitled to commissions, see note in 28 Am. St. Rep. 546.]

From Douglas: JAMES W. HAMILTON, Judge.

Department 2.    Statement by MR. JUSTICE BEAN.

This is an action brought by J. D. Zurcher, plaintiff, against J. H. Booth for services performed in the capacity of a broker in selling for the defendant a tract of land in Douglas County, Oregon, known as the Alley tract.    The cause was tried to the court and jury, and a verdict rendered in favor of plaintiff for $1,250, with interest which was remitted.    From a judgment entered thereon, the defendant appeals.    This controversy arose prior to the enactment of our statute requiring a written memorandum of an agreement for the sale of real estate by a broker upon a commission.

AFFIRMED.

For appellant there was a brief over the names of Messrs. Rice & Orcutt, with an oral argument by Mr. Dexter Rice.

For respondent there was a brief with oral arguments by Mr. George F. Brice and Mr. W. H. Masters.

MR. JUSTICE BEAN delivered the opinion of the court.

Plaintiff claims and the evidence in the case tends to prove substantially the following facts: During

May, 1908, the defendant employed plaintiff to sell certain real estate described in the complaint for the regular commission, and, acting under such employment, he entered into negotiations with W. C. Harding and O. J. Engen for the purchase of the property, writing letters and sending telegrams concerning the tract, meeting them in Portland, and procuring them to purchase the land. Pursuant thereto, on June 11, 1908, in consideration of $1 defendant, Booth, and Harding and Engen entered into an optional agreement whereby defendant agreed to sell the land. By the terms of this option, upon the payment of $77,000 within 18 months from date Harding and Engen had the right to purchase the property. They were not bound by this agreement to complete the purchase. After the 1st of the next October, and within the 18 months prescribed therein, Harding and Engen, or their successors, paid the $77,000 and bought the land. The agreement provided for the payment in installments and for conveying the land in parcels as sold by Harding and Engen. The usual broker's commission for such sales is 5 per cent.

It is contended by counsel for defendant that plaintiff's claim, if he ever had one, is barred by the statute of limitations, that, if he was employed as claimed, he completed the performance of the services for which he was engaged when the contract of June 11, 1908, was entered into, and that his cause of action accrued at that time. The original complaint in this action having been filed on June 27, 1914, 6 years and 16 days had elapsed from the time defendant claims plaintiff's cause of action accrued before he commenced the action. On the contrary, counsel for plaintiff assert that the cause of action arose when the property was actually sold, and not at the time of

the execution of the optional agreement. The state of facts referred to in a general way affirmatively appeared when the plaintiff rested his case, and defendant moved for a judgment of nonsuit. The same state of facts affirmatively appeared from plaintiff's complaint, and the assigned errors of the court in overruling defendant's demurrer and in denying his motion for a judgment of nonsuit are the grounds upon which this appeal is based. We see no reason why the two questions may not be considered together.

1. An action upon a contract or liability, express or implied, can only be commenced within six years after the cause of action shall have accrued: Sections 3, 6, L. O. L. The statute of limitations begins to run from the time when a complete cause of action accrues; that is, when an action may be maintained: 25 Cyc. 1065, 1066; 1 Wood, Limitations (2 ed.), p. 330; *McDonald* v. *Holmes,* 22 Or. 212 (29 Pac. 735); *The Aurelia,* 45 Or. 285 (77 Pac. 835).

2, 3. It is clear that the agreement of June 11, 1908, between the defendant and the intending purchasers was merely an agreement on the part of defendant to sell the tract of land, and, in effect, only an option: *Lawrence* v. *Pederson,* 34 Wash. 1 (74 Pac. 1011). A broker employed to find an absolute purchaser at a specified price has no right of action to recover a commission by procuring a person to execute a contract by which it is optional with him to make the payments specified therein and complete the purchase, and by the terms of which, on his failure to do so, the contract becomes void, and he merely forfeits the amount paid: Walker, Law of Real Estate Agency, § 85. When plaintiff Zurcher obtained purchasers for defendant's real estate and they executed the optional agreement and exercised such option by purchasing

the property, then, and not until then, the plaintiff's commission became due, and his cause of action accrued: Walker, Law of Real Estate Agency, § 86; *De Wolf* v. *Wisconsin Lakes Ice & Cartage Co.*, 141 Wis. 239 (124 N. W. 297); *Lawrence* v. *Pederson*, 34 Wash. 1 (74 Pac. 1011).

It would not be consistent with justice or law for the defendant to be required to pay a substantial commission for the obtainment of a signature to a mere option to purchase his property by which the signatorial party was not bound to complete the trade. Such does not appear to have been the agreement of the parties in this transaction. In the absence of a contract binding upon the part of the purchaser, the plaintiff had no cause of action until the option to purchase was exercised and the sale completed.

The action was commenced within the time specified by the Code. There was therefore no error of the trial court in overruling the demurrer to plaintiff's complaint or refusing to grant defendant's motion for a nonsuit.

The judgment of the lower court is therefore affirmed.                                     AFFIRMED.

Mr. CHIEF JUSTICE MOORE, MR. JUSTICE HARRIS and MR. JUSTICE BENSON concur.

Mr. JUSTICE EAKIN absent.