Lovejoy vs. McCarty.

---

LOVEJOY, Respondent, vs. McCARTY, imp., Appellant.

| 94  | 341  |
|-----|------|
| 116 | ᵢ660 |

*October 16 — November 4, 1896.*

*Landlord and tenant: Surrender: Acceptance of rent from sublessee: Agency: Evidence: Court and jury.*

1. In the absence of a stipulation releasing a lessee who has assigned his lease or sublet from liability for rent, acceptance of rent by the lessor from the assignee or sublessee does not relieve the lessee from such liability.

2. The authority of an agent to make an agreement for the surrender of a lease must be clearly established; and the mere assumption of such authority by the agent is insufficient to render the existence of such authority a question for the jury.

APPEAL from a judgment of the superior court of Douglas county: CHARLES SMITH, Judge. *Affirmed.*

On the 23d day of January, 1893, plaintiff, by written lease, let to the defendant *McCarty* certain buildings in the city of Superior, Wisconsin, for the term of three years, at an annual rent of $1,500, payable in monthly instalments of $125 each. The lease contained a prohibition against assigning or underletting without written consent of the lessor. After the lessee had occupied the premises under the lease for a considerable length of time, he sold or contracted to sell his business; and desiring to have the lease transferred to one Walker, who purposed continuing such business, he called on Rogers & Ruger, who were attorneys for plaintiff, for the purpose of securing the latter's consent to such transfer. Such agents wrote upon the back of the lease the following: "I hereby give my consent that said *William H. McCarty*, lessee herein, may sublet the premises herein described to one John Walker, of Superior, Wisconsin, holding said John Walker responsible to me for the rent and due performance of all provisions in this lease specified, on the terms and conditions therein specified. In case said Walker shall violate or fail to comply with any of the provisions herein, I hold the said *William McCarty* as still responsible to me, as provided in said lease; but, if the said Walker shall comply with all the provisions of said lease, the said *William McCarty* not to be held responsible." Such agents thereafter sent the lease to the plaintiff, who signed such indorsement, and returned the same to them. Thereafter Walker signed the following indorsement made on the lease: "I hereby accept the terms and conditions of the said lease, and agree to become tenant under the same and directly responsible to the said *Allen P. Lovejoy* for the proper fulfillment of the same." Thereafter he took possession of the premises, and paid rent to the plaintiff for a considerable length of time; then ceased to pay; and this

action was brought to recover the past-due rent. Mr. Ruger testified that defendant made no objection to the consent signed by *Lovejoy*. Defendant testified that he refused to turn the premises over to Walker, unless he was released from all obligation to *Lovejoy*, and that thereupon H. L. Mossler agreed to guarantee the payment of the rent by Walker, in consideration of which Ruger consented to such release; that, with that understanding, defendant concluded the sale of his business, and delivered possession of the premises to Walker. As to whether there was an agreement between Ruger and defendant that the latter should be released from his obligation to *Lovejoy*, and the premises were surrendered to Walker pursuant thereto, the evidence is conflicting. At the close of the evidence plaintiff moved the court to direct a verdict in his favor for the amount of the unpaid rent, which was granted. Judgment was entered on the verdict so directed, and the defendant appealed.

For the appellant there was a brief by *Pope & Perrin*, and oral argument by *Carl C. Pope*.

For the respondent the cause was submitted on the brief of *A. B. Ross*, attorney, and *Ruger & Norcross*, of counsel.

MARSHALL, J.    It is contended by appellant's counsel that the trial court erred in directing a verdict for the respondent, because there was evidence from which the jury might have found facts sufficient to operate as a cancellation of the lease as to *McCarty*. Sec. 2302, R. S., provides that "no estate or interest in lands . . . shall be . . . surrendered, . . . unless by act or operation of law, or by deed or conveyance in writing, subscribed by the party . . . surrendering the same, or by his lawful agent, thereunto authorized by writing."

It is not claimed that there was a written cancellation of the lease. The only writing made by respondent or in his

behalf is the one signed by him on the back of the lease. That does not appear to have been intended as a cancellation of appellant's liability. On the contrary, it expressly declares that such liability shall continue. The written consent to an assignment or sublease did not change the relation of the parties. Under an assignment or sublease, and subsequent acceptance of rent from the assignee or sublessee, even without any express stipulation for a continuance of the liability of the original lessee, he remains liable. *Martineau v. Steele*, 14 Wis. 272; *Bailey v. Wells*, 8 Wis. 141; *Rees v. Lowy*, 57 Minn. 381. No principle is better settled than this, and it is based on the ground that there is nothing in such circumstances necessarily inconsistent with the continued relation of the parties as landlord and tenant. *A fortiori* is the original relation continued when the written consent, as in this case, expressly declares that it shall so continue.

But it is contended there is evidence that the written consent was rejected by appellant, and that there was a verbal agreement entered into between respondent, acting by his authorized agents, Rogers & Ruger, and appellant, that Walker should be substituted for the latter, and that the premises were actually yielded up and surrendered to Walker, as respondent's lessee, pursuant to such understanding; in short, that there is evidence of an executed verbal agreement for the surrender and cancellation of the lease, hence of appellant's liability thereon. That such facts would constitute a surrender of the lease by operation of law is well settled, and has been repeatedly decided by this court. *Kneeland v. Schmidt*, 78 Wis. 345; *Telford v. Frost*, 76 Wis. 172; *Witman v. Watry*, 31 Wis. 638; *Goldsmith v. Darling*, 92 Wis. 363. But, assuming that there is evidence tending to show that Rogers & Ruger assumed authority to make an agreement with appellant for the surrender of the lease, and that such agreement was executed as claimed, that was

not sufficient to carry the case to the jury. Authority to the agents to bind their principal was essential. An agent can only bind his principal when acting within the scope of his authority, express or implied. The rule in regard to proving the authority of an agent to create a charge upon the realty of his principal applies to a case like this; i. e. it must be clearly established. *Engfer v. Roemer*, 71 Wis. 11. There is here absolutely no evidence of authority to Rogers & Ruger to consent to a cancellation of the lease. On the contrary, the consent in writing, clearly expressing the terms upon which Walker might occupy the premises, negatives such authority It constituted notice to appellant that no such authority existed. Moreover, the agents testified that they were not authorized to do otherwise than as indicated in such written consent. Such being the case, whether the agents made an agreement to substitute Walker for appellant, as lessee of the respondent, and whether such agreement was executed by an actual surrender of the premises by appellant to Walker, as lessee of the appellant, were immaterial, and left the court no course to pursue but to direct a verdict for the respondent.

*By the Court.*— The judgment of the superior court is affirmed.