ROTTSOLL, Respondent, vs. Two RIVERS MANUFACTURING COM-
PANY, Appellant.

*May 4 — May 21, 1897.*

*Appeal: Order granting new trial.*

Under ch. 212, Laws of 1895 (a revision of sec. 3069, R. S., relating to appeals, from which the provision authorizing an appeal from an order when it grants or refuses a new trial was omitted), an order denying a motion for judgment on the verdict and granting a new trial on the ground of errors in the instructions to the jury is not appealable; and the fact that the appeal was taken from that part of the order only denying the motion for judgment is immaterial.

APPEAL from an order of the circuit court for Manitowoc county: N. S. GILSON, Circuit Judge.    *Appeal dismissed.*

The facts are stated in the opinion.

For the appellant the cause was submitted on the brief of *Nash & Nash.*

For the respondent there was a brief by *Schmitz & Kirwan,* and oral argument by *A. J. Schmitz.*

CASSODAY, C. J.    This action was brought to recover damages for an injury to the plaintiff's hand alleged to have been caused by the defendant's unreasonable delay in making repairs to a carriage operated by plaintiff in the defendant's sawmill, after being notified of the defects, and after promise to repair the same.    Issue being joined and a trial had, at the close thereof the jury returned a special verdict, consisting of twenty-nine different questions, generally in favor of the plaintiff, and assessing his damages at $997.

In considering the questions here presented, it is only necessary to refer to the twenty-eighth question (next to the last one), which, with the answer, is as follows: "Was the plaintiff guilty of any want of ordinary care which contributed to produce or cause his injury?"    Answer: "Yes."

This answer was given under a charge of the court to the effect that if the plaintiff was guilty of any want of ordinary care, however slight, which contributed to produce or cause the injury complained of, then they should answer the next to the last question "No;" but, if he used ordinary care,— such care as persons of ordinary care would use under similar circumstances,— then they should answer that question "Yes." Upon the return of the special verdict, the court further stated to the jury that "the court, in charging you, gentlemen, perhaps was not quite as explicit as it ought to have been. It stated to you that if the plaintiff was guilty of any want of ordinary care, however slight, which contributed to produce or cause the injury complained of, you should answer the next to the last question 'No;' but you were also instructed that, if he exercised ordinary care in performing his duty, you were to answer the same question 'No.' Of course, by the first part of this charge the court meant, and I presume you understood, that you were to answer it 'Yes.' Is that the way you understood the charge, gentlemen?" The foreman: "I think that was the understanding." Thereupon, and at the same term of the court, the defendant moved the court for an order for judgment upon the verdict in its favor; and the plaintiff then moved the court to set aside the special verdict and grant a new trial. Upon the hearing of said motions, the court, in effect, ordered that the motion made by the defendant be denied, and the motion of the plaintiff to wholly set aside the special verdict and grant a new trial be granted; and the special verdict was thereby vacated and set aside, and a new trial awarded, without costs; and the order further states that "this order is made on account of error or want of clearness in that part of the charge first quoted above, and for no other reason." The defendant appeals to this court from that part of said order which denies the defendant's motion for judgment in its favor upon the special

verdict, and which states the reason for setting aside the verdict and granting a new trial, but from no other part of the order.

The granting of a new trial ordinarily rests in the sound discretion of the trial court, and its action will not be disturbed unless it is manifest that there was an abuse of such discretion. *Evans v. Rugee*, 63 Wis. 31; *Farley v. C., M. & St. P. R. Co.* 89 Wis. 208, and cases there cited. If this case were before us on the merits, we could not say that there was any abuse of such discretion. When a new trial is granted for the misdirection of the court, it may be done without costs. *Kayser v. Hartnett*, 67 Wis. 256, and cases there cited. This court has held that "an order denying a motion for judgment on the minutes and special verdict, not followed by judgment for the opposite party, affects a substantial right, and is appealable." *Murphey v. Weil*, 86 Wis. 643. But this decision was prior to the enactment of ch. 212, Laws of 1895, which amended sec. 3069, R. S., among other things, by dropping out of the third subdivision the clause "when it grants or refuses a new trial." The manifest purpose was to cut off all appeals from orders granting or refusing a new trial. Here the order granted a new trial. True, the appeal is not from that part of the order, but is only from the part of the order denying the defendant's motion for judgment upon the verdict. The effect, however, is in substance the same as an appeal from the whole order; for, should we reverse the part of the order appealed from and allow the balance of the order to stand, then the decision would be ineffectual for any purpose, but, should we reverse the part of the order appealed from, and remand the cause with direction to grant the defendant's motion for judgment, then it would, in effect, supersede and nullify that part of the order granting the new trial, and not appealed from. This view of the act in question naturally follows from the construction which this court has already given

The J. B. Alfree Mfg. Co. vs. Henry.

to it. *Davison v. Brown*, 93 Wis. 85; *Gianella v. Bigelow*, 92 Wis. 267. The order does not, "in effect, determine the action, and prevent a judgment from which an appeal might be taken," within the meaning of the act.

*By the Court.*— The appeal is dismissed.