### MAXON, Respondent, vs. GATES, Appellant.

*November 5 — November 29, 1901.*

(1-3) *Contracts: Consideration: Tender: Interest in land: Surrender:*
*Statute of frauds.* (4) *New trial: Terms.*

1. A written agreement under seal whereby one party covenants to convey certain land and the other party agrees to pay a specified sum therefor is not void on the ground of want of consideration or mutual obligation.
2. Where a sum of money is to be paid by one party to a contract "upon the performance of the contract by" the other party, to wit, "upon the day of the execution of the deeds," etc., tender of payment by the former is not necessary to enable him to maintain an action for breach of the contract by the latter. ·
3. In order that a written contract creating an interest in land may be effectually abrogated and annulled by the acts of the parties without a deed or conveyance, such acts must be inconsistent with the continuance of the contract, and must be accepted and acted upon by all the parties concerned.
4. Costs should not be imposed as a condition of setting aside the verdict of a jury solely on the ground that error was committed by the court.

APPEAL from an order of the circuit court for Ashland county: W. C. SILVERTHORN, Judge. *Affirmed.*

*Rublee A. Cole,* for the appellant.

For the respondent there was a brief by *Tomkins & Tomkins* and *Glenway Maxon,* and oral argument by *Mr. Maxon.*

CASSODAY, C. J. This is an action to recover damages for the breach of a contract executed by the plaintiff and defendant under their hands and seals January 8, 1900, wherein and whereby the defendant covenanted and agreed with the plaintiff that he would within a reasonable time cause to be conveyed to the plaintiff, by good and sufficient quitclaim deed, executed and acknowledged by himself and wife, and the International Land Company, and the Ashland County Land Company, the lands described in Ashland and Iron counties and at the same time transfer and assign to the plaintiff all the tax certificates thereon held by him or either of the companies; which instrument contained other covenants and agreements and representations on the part of the defendant unnecessary here to mention. And the plaintiff therein and thereby agreed to pay to the defendant and the companies named $3,000 "upon the performance" of such contract by the defendant, to wit, "upon the day of the execution of the deeds of conveyances and transfers and delivery of the tax certificates" mentioned, $2,000, and the balance to be secured by a mortgage back from the plaintiff to the defendant.

The complaint alleges, among other things, in effect, that in pursuance of such contract the plaintiff entered into a contract in writing for the sale and conveyance of a portion of such lands January 13, 1900, to one Cover, but that February 23, 1900, he was obliged to abrogate and annul such contract by reason of the "failure, neglect, and refusal" of the defendant to perform his contract with the plaintiff, to his great damage; and that the plaintiff fully performed

on his part.   The defendant answered by way of admissions, denials, and counter allegations.

At the close of the trial of the issues thus formed, the jury returned a special verdict to the effect: (1) That the plaintiff and defendant executed the written contract set out in the complaint; (2) that the plaintiff and defendant, January 16, 1900, at the office of *James L. Gates*, in Milwaukee, mutually agreed that the writing dated January 8, 1900, be abrogated and annulled; (3) that the Ashland County Land Company, on January 8, 1900, did not have a good and merchantable title to the lands described in Exhibit D in the complaint; (4) that the plaintiff and defendant both knew at that time that the Ashland County Land Company did not have a good and merchantable title to said lands; (5) that the plaintiff did not, on January 8, 1900, or at any other time prior to the commencement of this action, tender to the defendant $2,000; (6) that the plaintiff was not ready and willing at all times prior to the commencement of this action to perform the conditions of the contract on his part; (7) that the plaintiff, on or about February 23, 1900, and prior to the commencement of this action, did demand of the defendant a conveyance of the lands described in the complaint; (8) that the plaintiff did not at the time of such demand offer to perform all the conditions of the contract on his part; (9) that the defendant did not, prior to the commencement of this action, refuse to convey to the plaintiff the lands described in the complaint; (10) that the defendant did not, prior to the commencement of this action, and after January 8, 1900, knowingly and intentionally put it out of his power to convey the lands in Exhibits C and D, in question, to the plaintiff; (11) that the plaintiff did incur expenses in the examination of the title to the lands between January 8, 1900, and the commencement of this action; (12) that the market value in February, 1900, of the lands described in Exhibit D, in this complaint, exclusive of timber

thereon, was $1.50 per acre; (13) that the market value in February, 1900, of the interest in the lands described in Exhibits A, B, and C, in the complaint, which the defendant agreed to convey or cause to be conveyed to the plaintiff was ten cents per acre.

Thereupon the defendant moved the court for judgment in his favor upon the special verdict so returned, and the plaintiff moved the court upon the minutes of the judge to change the answers of the jury to questions 2, 5, 6, 8, 9, 10, 12, and 13, and for judgment in his favor upon the verdict when so corrected; and that, in case the foregoing motion of the plaintiff should be denied, then that the special verdict of the jury be set aside and a new trial granted upon the minutes of the judge before whom the issues were tried, upon the exceptions taken on the trial by the plaintiff, and because the verdict was contrary to law and contrary to the evidence and inconsistent and perverse, and because of inadequate damages.　The court thereupon orally announced that the motion of the defendant was denied, and ordered that the special verdict be set aside, and that a new trial be had in this case on condition of the payment of costs, but as to the amount of costs the court reserved its decision. Two days afterwards the court, in effect, ordered that the motion of the defendant be, and thereby was, denied, and the motion of the plaintiff was thereby allowed, and the special verdict therein was set aside and a new trial was thereby granted,— the defendant having refused to accept any costs upon the motion, relying simply on his right to judgment on the verdict.　From such order the defendant brings this appeal.

1. Error is assigned because the court refused to sustain the demurrer *ore tenus*.　This assignment of error is manifestly based upon the theory that the defendant was entitled to judgment upon the complaint and the undisputed evidence.　It is put upon two grounds.　One is that the

promise of the defendant in the contract sued upon was without consideration; that the contract was without mutual obligation. It is enough to say that the defendant therein covenanted and agreed under seal to convey or cause to be conveyed the lands, as above stated, and the plaintiff therein agreed to pay as mentioned. 1 Beach, Contracts, §§ 178, 179. The other ground is that there was a failure to allege or prove a tender to the defendant of the $2,000 mentioned in the contract. But by the terms of the contract that sum was only to be paid " upon the performance of the contract by " the defendant; that is to say, "upon the day of the execution of the deeds of conveyances and the transfers and delivery of the tax certificates." As there was no such performance on the part of the defendant, there was no necessity of such payment or tender on the part of the plaintiff.

2. The only other error assigned is the setting aside of the special verdict and granting a new trial. This is urged upon the ground that the evidence is sufficient to sustain the verdict, and that it affirmatively appears that the order " was based upon a misapprehension of the law." The well-settled rule of law that the granting of a new trial is very much in the discretion of the trial court, and that its order granting the same will not be reversed unless it clearly appears to have been an abuse of such discretion, is conceded by counsel for the defendant. *Schillinger v. Verona,* 85 Wis. 595; *Dowagiac Mfg. Co. v. Schroeder,* 108 Wis. 109; *Mills v. Conley,* 110 Wis. 530. The trial judge stated his reasons for making the order. From such statement it appears that he granted the new trial on the ground that the special verdict was to some extent inconsistent and that he committed an error in refusing to instruct the jury as requested by the plaintiff's counsel on the second question submitted. That instruction is as follows:

" Question No. 2. As to this question the burden of proof

is upon the defendant.  To be effectual, the acts of the parties must be inconsistent with the continuance of such contract, and must be actually accepted and acted upon by the other, and in fact by both parties concerned.  The defendant could not claim a rescission and at the same time offer to perform.  It is essential to such surrender that the party to whom such parol surrender is made shall have acted upon the faith of it in some material respect.  Bearing upon this question, you may consider the fact that the written contract was never delivered up by plaintiff, and that defendant for nearly thirty days declared himself ready to perform on his part."

The contract was in writing, under seal.  The question was whether the parties had mutually "abrogated and annulled" the same.  There can be no question but that it gave to the plaintiff an interest in the lands described, within the meaning of the statute (sec. 2302, Stats. 1898).  *Telford v. Frost,* 76 Wis. 172.  That section declares that:

"No estate or interest in lands, other than leases for a term not exceeding one year, nor any trust or power over or concerning lands or in any manner relating thereto shall be created, granted, assigned, *surrendered* or declared, unless *by act or operation of law* or by deed or conveyance in writing, subscribed by the party creating, granting, assigning, *surrendering* or declaring the same or by his lawful agent thereunto authorized by writing."

There is no pretense that the plaintiff surrendered his interest in the lands in question by any "deed or conveyance in writing."  If he surrendered it at all, therefore, it must have been "by act or operation of law."  This court has held that "such interest may be surrendered without a deed or conveyance in writing by acts inconsistent with its continuance, where such acts are accepted and acted upon by all parties concerned."  *Telford v. Frost,* 76 Wis. 172.  See, also, *Kneeland v. Schmidt,* 78 Wis. 345; *O'Donnell v. Brand,* 85 Wis. 97, 101; *J. & H. Clasgens Co. v. Silber,* 87 Wis. 357; *Hutchins v. Da Costa,* 88 Wis. 371; *Goldsmith v. Darling,* 92 Wis. 363; *Fenner v. Blake,* [1900] 1 Q. B. 426.  In some

of these cases the mere parol agreement was held to be insufficient to work a surrender by " operation of law," within the meaning of the statute.   The instruction so requested was manifestly drawn with reference to some of the authorities cited, and the trial judge was clearly right in holding that he committed an error in not giving it as requested.

3. The trial court expressly refused to set aside the verdict on the ground that it was perverse.   The judge thought it was to some extent inconsistent, but accounted for it by reason of the questions themselves being "so framed as to tend to mislead, instead of assist, the jury."   Any error in that respect will be corrected on a new trial.   The verdict was set aside solely on the ground that error was committed by the court.   In such a case costs are not to be imposed as a condition of setting aside the verdict, as the trial court erroneously seemed to hold.   *Kayser v. Hartnett*, 67 Wis. 256; *Schweickhart v. Stuewe*, 75 Wis. 162; *Schraer v. Stefan*, 80 Wis. 655; *Rottsoll v. Two Rivers Mfg. Co.* 96 Wis. 326; *Becker v. Holm*, 100 Wis. 281; *Mills v. Conley*, 110 Wis. 530. The cases cited sufficiently indicate when costs are to be imposed and when they are not to be imposed. In the order finally entered costs were not imposed, for the reason, as therein stated, that the defendant refused to accept any costs upon the motion.

*By the Court.*— The order of the circuit court is affirmed.