Wilcox and others, Appellants, vs. Scallon, Respondent.

*September 15—December 6, 1910.*

*Vendor and purchaser of land: Oral contract: Deed in escrow: Oral surrender of vendee's interest.*

1. Where, pursuant to an oral contract for the sale of land, the vendor executed a deed and deposited it in escrow to be delivered to the grantee on payment of the balance of the purchase money by a specified date, and the grantee went into possession, no title

passed, and the deed had no validity until the condition was fulfilled.

2. In such case the interest which the vendee acquired was at best only the right to a conveyance on payment of the balance of the agreed price, and such interest could be and was surrendered by a subsequent oral agreement between the parties, entered into after default, whereby the sale was rescinded and the purchaser and his family were to remain upon the land and have the use of the same upon condition that they should pay the taxes and make improvements thereon.

APPEAL from a judgment of the circuit court for Sauk county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

This action was brought to enforce specific performance of a contract made in January, 1896. The alleged contract is based upon the execution of a deed placed in escrow, to be delivered upon payment of the balance of purchase money. It is alleged in the complaint that the plaintiffs tendered the balance due on the purchase price and that the defendants refused to deliver the deed. The prayer is that the defendants be required to deliver the deed and convey the lands to the plaintiffs and for general relief. The action was originally commenced against the defendant, *William Scallon,* and one Carpenter, who held the deed in escrow, but upon sustaining the demurrer of Carpenter the action was dismissed as to him. The answer of defendant, *Scallon,* denies generally the material allegations of the complaint, and further sets up that the plaintiffs occupied the land described in the complaint as tenants of the defendant.

The court found: (1) That on January 16, 1896, the defendant duly made and executed a quitclaim deed of the south half of the northeast quarter of the southeast quarter and the northwest quarter of the northeast quarter of the southeast quarter of section 23, town 10, range 3, in said Sauk county, to Thomas J. Wilcox for the agreed consideration of $90; that defendant agreed to accept and did accept as part payment of said purchase price certain cattle delivered to him by

said Wilcox at the agreed price of $64; that by an agreement of the parties then made the balance of the purchase price in the sum of $26 was to be paid within three weeks from that date or the deal was to be off. (2) That said quitclaim deed was delivered in escrow to be held until said $26 was paid in accordance with the agreement of the parties and was then to be delivered to said Wilcox; that said balance of $26 was not paid within the period of three weeks and that the same has never been paid. (3) That after the expiration of said three weeks said Wilcox, in failing to pay the balance on said land, gave up his right to demand a deed therefor; that defendant then agreed with said Wilcox that said Wilcox and his family might remain upon said land and have the use of the same upon condition that they should pay the taxes upon the land and make improvements thereon. (4) That said Wilcox died intestate in the fall of 1903; that the above plaintiffs are his only heirs at law. (5) That the said Wilcox and the plaintiffs as his heirs after his decease remained on said land under such agreement, paid the taxes thereon, and made improvements thereon in return for the use of said land. (6) That the logs taken from said land by the defendant during the time that the plaintiffs have occupied it belonged to and were the property of the defendant. (7) That the services of the plaintiff *William E. Wilcox* in attempting to clear land for the defendant were of no value; that such land was in fact never cleared by him.

And as conclusions of law the court found: (1) That the plaintiffs are not entitled to a delivery of the deed deposited in escrow nor to a conveyance of said land from the defendant. (2) That plaintiffs are not entitled to recover any sum for logs taken from the premises in question by the defendant, nor for the clearing alleged to have been done on defendant's land. (3) That the defendant recover his costs and disbursements to be taxed according to law.

Judgment was entered accordingly, from which this appeal was taken.

*Albert Wood,* attorney, and *F. W. Hall,* counsel, for the appellants.

For the respondent there was a brief by *Grotophorst, Evans & Thomas,* and oral argument by *E. A. Evans.*

The following opinion was filed October 4, 1910:

KERWIN, J. The findings of the court below are attacked by the appellants, and they say in their brief that the only question in the case is, Did Thomas J. Wilcox, in failing to pay the balance on the land, give up his right to the deed, and was a new arrangement made? The findings are set out in the statement of facts and there is ample evidence to support them. The material question for consideration, therefore, is whether upon the findings thus made the appellants were entitled to judgment. It is argued by appellants that the respondent, *Scallon,* could not have reclaimed the land in any event without tendering back the property received, because the relation of vendor and vendee existed under the contract, and the appellants, having gone into possession under the agreement, acquired an interest in the land. But the deed was deposited in escrow, and no title passed or was to pass until payment of the balance due within the period prescribed by the agreement. This payment was not made, and upon default it was competent for the parties to make the agreement which they did, by the terms of which the deal was declared off and Wilcox was to remain in possession as tenant of respondent.

It is doubtless true that, had no new agreement been made between the parties after default, Wilcox would have had such an interest as would have entitled him to redeem on tender of the balance of the purchase money. But the new agreement deprived him of that right if such agreement was valid. But it is insisted by appellants that the interest of Wilcox was such as could only be surrendered by an instrument in writing, or by act or operation of law under sec. 2302, Stats. (1898), which provides that "No estate or interest in

lands . . . shall be . . . surrendered . . . unless by act or
·operation of law or by deed or conveyance in writing, sub-
scribed by the party . . . surrendering . . . the same."
But the interest which the appellants acquired by virtue of
part payment and getting into possession was at best only the
right to a conveyance on payment of balance of the agreed
purchase price.   No title passed to them, therefore such in-
terest could be surrendered by oral agreement of the parties,
.and especially when the agreement was executed.   *Telford v.*
*Frost,* 76 Wis. 172, 44 N. W. 835; *Maxon v. Gates,* 112 Wis.
196, 201, 88 N. W. 54; *Hutchins v. Da Costa,.* 88 Wis. 371,
·60 N. W. 427; *Goldsmith v. Darling,* 92 Wis. 363, 66 N. W.
397; *Lovejoy v. McCarty,* 94 Wis. 341, 68 N. W. 1003;
*Strain v. Gardner,* 61 Wis. 174, 21 N. W. 35.   In *Telford
v. Frost* and *Maxon v. Gates, supra,* it was held that the rela-
tion of vendor and vendee under a land contract can be
·changed without an instrument in writing.   The case at bar
is a stronger case in favor of the respondent, because the
·deed had no validity until delivered.

But it is insisted that the findings are not supported by the
·evidence.   It is true that because of the death of Wilcox
much evidence respecting the transaction between the parties
which would have been admissible had he lived was rendered
inadmissible.   However, there is sufficient evidence in the
record by way of admission of the deceased to several parties,
·as well as other facts and circumstances proved, which amply
support the findings of the court below.   We think the find-
ings are well supported by the evidence and support the judg-
ment.

*By the Court.*—The judgment of· the court below is af-
firmed.

'A motion for a rehearing was denied December 6, 1910.