ESTATE OF MILLER: NEELEN, Administrator, Appellant, vs.
WELLS BUILDING COMPANY, Respondent.

*January 12—February 8, 1921.*

*Landlord and tenant: Termination of lease: Reletting by lessor:
Death of lessee: Filing of claim for rent against lessee's es-
tate: Claim as notice of non-termination: Consideration for
lease: Mutuality: Duty of lessor to collect rent from occupant.*

1. Where the son of a lessee entered leased premises shortly prior
   to the death of his father, and the furniture and professional
   equipment of the deceased remained upon the premises until
   the termination of the lease, there was no reletting of the
   premises to the son so as to operate as a termination of the
   lease and a discharge of the lessee's estate from liability,
   although the lessor accepted rent paid by the son. The filing
   of a claim by the lessor against the estate of the lessee for
   the amount of the rent due for the entire period of the lease
   was notice to the administratrix that the lessor elected to hold
   the estate for the rent for the entire period, and not to termi-
   nate it, as it might have done under the lease.
2. A lease containing a clause that the lessor should not be liable
   for any loss or damage sustained by the lessee by reason of
   any act or neglect of any contractor, employee, agent, or
   servant of the lessor or other person, and that such loss or
   damage should not abate or reduce the rent of the premises,
   was not void for lack of mutuality as to consideration on the
   ground that the lessee did not have an assurance of peace and
   enjoyment, the question as to whether or not a consideration
   is adequate being a matter exclusively for the decision of the
   parties.
3. Where, upon the death of the lessee, the lessor elected to hold
   his estate liable for the rent, there was no obligation on the
   part of the lessor to use diligence to collect rent from the son,
   who was occupying the premises, the latter being under no
   obligation to pay to the lessor.

APPEAL from a judgment of the circuit court for Mil-
waukee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

Action for rent. The facts can be best presented by a
condensation of the findings made by the trial court. On
April 22, 1914, Wilmot F. Miller entered into a lease with
the *Wells Building Company*, whereby the latter leased to
the former, the intestate, rooms 201 to 204 of the Stephen-

son building, located at the corner of Mason and Milwaukee streets, for a period of three years beginning May 1, 1914, and ending April 30, 1917, for a total consideration· of $1,980 for the term, being at the rate of $55 per month, the premises to be uséd as the offices of the said intestate in the practice of medicine.   The lease contained the usual covenants as to the payment of rent, and others which will be more specifically referred to later.

On the 14th day of August, 1914, Wilmot F. Miller died, and thereafter letters of administration were duly granted to his widow upon proceedings duly had,' and notice was given to creditors to file claims against the estate.       ·

On the 2d day of November, 1914, the *Wells Building Company* filed a contingent claim in the county court against the estate of Wilmot F. Miller, deceased, said claim being verified, and asserted the liability of the estate of Wilmot F. Miller under the lease for the months from November, 1914, to April, 1917, both inclusive, such monthly rent to become absolute upon the first of each and every month during the unexpired term of the lease.       ·

"4.  That sometime shortly prior to the death of said Wilmot F. Miller, his son, Wilmot Paul Miller, practicing physician, entered the office of said deceased,·Wilmot F. Miller, for the practice of his profession; that after the death of said intestate, the son, Wilmot P. Miller, continued to occupy the premises presumably for the practice of medicine, and did occupy it to the termination of the lease; that the testimony does not show what arrangement, if any, was made between the administratrix and her son, the said Wilmot P. Miller; that no agreement was made nor any understanding had between the administratrix and the claimant, *Wells Building Company,* as to the occupancy of the premises by the son of said intestate; that said claimant did not serve any notice on the administratrix to quit, nor in any other way terminate the tenancy under the lease; that the testimony does not show that the administratrix or any one for her ever tried to surrender the premises by giving up the keys or otherwise or to sublet or assign the premises so leased, either with or without the consent of said claimant; that the furni-

Estate of Miller, 173 Wis. 322.

ture and professional equipment of said deceased, Wilmot F. Miller, continued to remain in the premises leased after the death and until the termination of the lease.

"5. That rental was paid under said lease and receipts therefor issued at the times, for the amounts, and in the names of the persons as shown below:

| Date. | | Amount paid. | Month to which credited by claimant. | | Receipt issued in the name of— |
|---|---|---|---|---|---|
| | | | May, 1914 | | W. F. Miller. |
| 1914 | | | June | " | " |
| June | 1 | $55 | | | |
| June | 23 | 55 | July | " | Est. of W. F. Miller |
| 1915 | | | Aug. | " | |
| Aug. | 9 | 110 | Sept. | " | W. F. Miller. |
| 1914 | | | Oct. | " | " |
| Sept. | 4 | 55 | Nov. | " | " |
| Oct. | 6 | 55 | Dec. | " | " |
| Nov. | 2 | 55 | | | |
| Dec. | 4 | 55 | Jan. | 1915 | " |
| 1915 | | | Feb. | 1915 | " |
| Jan. | 5 | 55 | Mch. | 1915 | " |
| Feb. | 5 | 55 | Apr. | 1915 | " |
| Mch. | 10 | 55 | May | 1915 | " |
| Apr. | 3 | 55 | June | 1915 | |
| May | 8 | 55 | July | 1915 | W. P. Miller. |
| Aug. | 9 | 110 | Aug. | 1915 | W. P. Miller. |
| Sept. | 27 | 110 | Sept. | 1915 | |
| Total | | $935 | | | |

```
Rent in lease.............................. $1,980
Less paid.................................    935
                                          ───────
Balance due...............................  $1,045
```

"That there remained due and unpaid $1,045.

"8. That the general provisions of said lease which are material herein are as follows:

"(1) That in case said lessee .................... shall abandon or remove from said premises before the end of said term, then and in such case said lessor, immediately or at any time afterwards, without notice and without waiving or postponing any right against said lessee, may relet said premises or any part thereof, on such terms as it shall deem best, and apply the proceeds from time to time, less expenses, including the cost of repairs and collection, on such rent, work, materials, service and interest, or judgment therefor, and hold said lessee for the balance unpaid on account thereof.

Estate of Miller, 173 Wis. 322.

"(2) In case said lessee shall die ; . . . . . . . . . . . . . . . .
or shall abandon or remove from the premises before the end
of said term or shall make or suffer any breach or default
of or in respect to any covenant or condition hereof, or the
title or interest of said lessee in or to this lease or in or to
said demised premises by virtue of this lease shall in any
way be changed or transferred by operation of law, then and
in each such case said lessor may terminate this lease on any
certain day, without prejudicing its right to recover and
collect any moneys already or then becoming due and pay-
able pursuant to the terms hereof, by mailing prior written
notice of its intention so to do, addressed to said lessee, at
Milwaukee, Wisconsin, and such notice having been mailed,
this lease shall terminate on the day named therein, and said
lessor may re-enter said premises, take possession thereof
and expel said lessee therefrom.

"(3) That said lessor shall not waive any breach or de-
fault, nor accept any surrender of said premises, nor preju-
dice any right under this lease . . . . . . . . . . . . . . . . by receiv-
ing from said lessee any moneys or keys whatsoever, or
otherwise except expressly in writing.

"(4) That said lessee, upon the termination of this lease,
shall deliver all keys to locks and explain all combinations to
keyless locks upon said premises to said lessor at said office
of Upham, Black, Russell & Richardson.

"(5) Said lessee covenants to pay the rent above reserved
as above provided. . . . . . . . . . . . . . . .

"(6) Said lessor and lessee mutually covenant that this
lease and all the conditions and covenants therein contained
shall extend to and be binding upon their respective suc-
cessors, personal representatives, heirs and assigns. . . . . . . ."

The claim of the company was allowed by the county
court of Milwaukee county on June 11, 1919, the claim
having become absolute. Judgment was entered for the
amount with interest, from which the administrator *de
bonis non* of the estate of Wilmot F. Miller appeals.

For the appellant there were briefs by *Bohmrich & Gabel*
and *Bloodgood, Kemper & Bloodgood,* attorneys, and *Em-
met Horan, Jr.,* of counsel, all of Milwaukee; and the cause
was argued orally by *Mr. Horan.*

For the respondent there was a brief by *Upham, Black,*

*Russell & Richardson,* attorneys, and *Charles W. Reeder,* of counsel, all of Milwaukee; and the cause was argued orally by *Mr. Reeder.*

ROSENBERRY, J.   It is the contention of the appellant that the occupancy of the premises by the son, Wilmot P. Miller, subsequent to the death of his father, and payment of rent by him, terminated the tenancy as of that date, and that such occupancy operated to create a new tenancy, which was at least a constructive eviction of the administratrix of the estate as a tenant.   That the son, Wilmot P. Miller, did occupy the leased premises and remained in the occupancy thereof until the termination of the lease is established without dispute.   There being no finding of the trial court as to the nature of the occupancy, it is the contention of appellant that the son occupied the premises for his own purposes; that it not appearing that the son was the assignee or subtenant of the administratrix or as agent of the administratrix, he must, as a matter of law, have occupied them as the tenant of the company with the consequences stated.   The findings of the trial court show that the son entered the premises shortly prior to the death of his father; that the furniture and professional equipment of the deceased, Wilmot F. Miller, remained upon the premises until the termination of the lease.   The vital question is whether or not there was a *reletting* of the premises.   If there was, there is no doubt that such reletting, in the absence of qualifying circumstances, would operate to terminate the lease. The situation that existed shortly prior to the death of the lessee continued practically unchanged to the time of the termination of the lease, with the exception of the death of the lessee and the payment of some instalments of rent by the son.   The trial court evidently concluded that there was no reletting either by express agreement or otherwise, and we think the evidence and findings fully justify the trial court in that conclusion.   The mere acceptance of

rent paid by the son did not operate to discharge the lessee or his estate from liability under the terms of the lease. *Lovejoy v. McCarty,* 94 Wis. 341, 68 N. W. 1003. In the cases cited to our attention by the appellant there was some act by the landlord other than the mere acceptance of rent from a third person. Here there was no new lease for the whole or any part of the term embraced in the lease in question, consequently there could be no surrender in law, as in *Bailey v. Wells,* 8 Wis. 141. The filing of a claim by the lessor for the amount of the rent due for the entire period was notice to the administratrix that the lessor elected to hold the estate for the rent for the entire period and not to terminate it as it might have done under the provisions of the lease.

The appellant further argues that the lease is void for lack of mutuality as to consideration. The lease contained a clause which provided that the lessor should not be liable for any loss or damage sustained by the lessee by reason of any act or neglect of any contractor, employee, agent, or servant of said lessor or other person, and that any such loss or damage should not abate or reduce the rent of the premises, and other provisions that the landlord should not be liable for failure to repair and for defects, etc., the contention of the appellant being that unless the lessee receives an assurance of peace and enjoyment he receives nothing of value. If the contention here is that by reason of the limitations placed by the terms of the lease upon the liability of the lessor there was not a sufficient consideration, it is certainly not a sound one. If the lessee chose to accept the premises under the conditions specified in the lease, there was ample consideration moving from the lessor to support the contract. Whether or not a consideration is adequate is a matter exclusively for the decision of the parties. 1 Williston, Contracts, § 140.

It is the further contention of the appellant that the lessor did not use due diligence to collect the rent from

Wilmot P. Miller.    If there was no reletting and no lease
existed between Wilmot P. Miller and the lessor, there was·
no obligation on the part of the lessor as to collection of
rent from him.    If Wilmot P. Miller was in possession of
the premises under and by virtue or with the consent or
knowledge of the lessee, it was the duty of the lessee to look
out for the collection of rent from the person who was in
actual occupation.    The lessor had elected by filing its claim
to hold the estate of the deceased lessee.    It is not apparent,
therefore, how the lessor can be held negligent by reason
of its failure to collect the rent from a third party who was
under no obligation to it to pay.

By the Court.—Judgment affirmed.