HOLLY, Appellant, vs. FIRST NATIONAL BANK OF KENOSHA, Respondent.

*April 4—April 30, 1935.*

For the appellant there were briefs by *Quarles, Spence & Quarles,* attorneys, and *Victor D. Werner* and *Jefferson D. Burrus* of counsel, all of Milwaukee, and oral argument by *Mr. Werner.*

For the respondent there was a brief by *Randall, Cavanagh, Stephenson & Mittelstaed* of Kenosha, and oral argument by *R. S. Stephenson* and *Richard P. Cavanagh.*

FRITZ, J. Plaintiff seeks to recover damages for the alleged conversion by the defendant of one hundred and eighty shares of corporate stock belonging to plaintiff, but which had been pledged with her consent, prior to February 8, 1930, as collateral security for indebtedness owing by her husband, L. J. Holly, to the defendant. The conversion charged was based upon the defendant's sale of that stock, as such collateral, on June 23, 1933, in violation of an alleged contract made on February 8, 1930, under which the defendant was to return the stock to plaintiff on demand, instead of selling it as collateral. The evidence as to whether the defendant so agreed is so conflicting that the court considered plaintiff's testimony to that effect so highly improbable that it was unbelievable, and principally on that ground the court directed a verdict for the defendant. On this appeal the defendant concedes, although it still contends that plaintiff's testimony was unbelievable, that there was nevertheless an issue of fact for the jury in that respect, if the alleged agreement was otherwise valid as a contract. On that point the defendant contends that there was no valid contract because there was no consideration for that agreement. In order to pass upon that question the following facts must be noted:

On February 8, 1930, the defendant was entitled to hold plaintiff's one hundred and eighty shares of stock as the collateral, which together with stock of his own, had been pledged by her husband, with her consent, to secure his indebtedness to the defendant, which then exceeded $67,000. On that date, upon the defendant informing L. J. Holly that it wanted to sell four hundred shares of his pledged stock in order to reduce his indebtedness, he requested the defendant to sell all of the pledged stock excepting the plaintiff's one hundred and eighty shares and fifty shares of bank stock, which belonged to him. Such a sale at that time would have netted $2,500 in excess of the entire indebtedness. At a subsequent conference on that day between the plaintiff, L. J.

Holly, and the defendant's vice-president, who was in charge of the matter, according to the testimony of plaintiff and her husband, that vice-president promised the plaintiff and her husband that, if the latter would not then repay his entire loan by having all of his collateral sold at that time, but would consent to defendant's selling only four hundred shares thereof, the defendant would never sell the plaintiff's stock, but would return it to her on demand. She contends that, upon that promise, her husband consented to the bank's then selling the four hundred shares, and it is undisputed that they were sold by the defendant and that the proceeds thereof were applied so as to reduce the indebtedness to $47,000. Thereafter the balance of the husband's collateral declined in value, so that, on the sale thereof, it was insufficient to pay his indebtedness, and there was a deficiency even after the defendant, in June 1933, sold and applied thereon the proceeds of the plaintiff's one hundred and eighty shares, without her consent.

If, upon that testimony of the plaintiff and L. J. Holly, it should be found that an agreement was made on February 8, 1930, between the defendant and L. J. Holly, that the defendant was never to sell plaintiff's stock, but to return it to her on demand, that agreement in effect released plaintiff's one hundred and eighty shares as collateral, and in that respect constituted a modification of the existing contract between L. J. Holly and the defendant, as to the use which the defendant had, theretofore, been authorized to make of those shares. Although that agreement may have been made by L. J. Holly solely for plaintiff's benefit, the validity and enforcement thereof by her, as a third party for whose benefit a promise was made in a valid contract, was not dependent upon some consideration also passing or existing directly between her and the defendant. *Tweeddale v. Tweeddale,* 116 Wis. 517, 93 N. W. 440. Under the rule established in that case, it is sufficient if there was consideration as between the

defendant and L. J. Holly in support of the promise which he obtained from the defendant for her benefit. Plaintiff contends that there was such consideration, because that promise was made to L. J. Holly by the defendant in modification of the existing contract between them, under which the stock had been pledged theretofore, and the same consideration which supported that existing contract is imported into the new, modifying agreement, and that, therefore, no new or further consideration was necessary. That contention is warranted by the established rule in this state that "the consideration existing in such original executory contract is deemed imported into such new parol modification or agreement, and hence that such new agreement, when made, becomes binding upon the parties without any new consideration." *Lynch v. Henry,* 75 Wis. 631, 634, 44 N. W. 837; *Brown v. Everhard,* 52 Wis. 205, 8 N. W. 725; *Kelly v. Bliss,* 54 Wis. 187, 11 N. W. 488; *Snell v. Bray,* 56 Wis. 156, 14 N. W. 14; *Magill v. Stoddard,* 70 Wis. 75, 35 N. W. 346; *Ruege v. Gates,* 71 Wis. 634, 38 N. W. 181; *Bingham v. Insurance Co.* 74 Wis. 498, 43 N. W. 494; *Montgomery v. American Central Ins. Co.* 108 Wis. 146, 84 N. W. 175; *Wisconsin S. F. Co. v. D. K. Jeffris L. Co.* 132 Wis. 1, 111 N. W. 237; *Schoblasky v. Rayworth,* 139 Wis. 115, 120 N. W. 822; *Wilcox v. Scallon,* 144 Wis. 74, 127 N. W. 1007; *Foley v. Marsch,* 162 Wis. 25, 154 N. W. 982; *Alexander Hamilton Institute v. Hart,* 180 Wis. 90, 192 N. W. 481.

It follows that, if such a modifying agreement was in fact made between the defendant and L. J. Holly, there was sufficient consideration to render the promised release of plaintiff's stock valid and enforceable as a contract in so far as it was for her benefit.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.

WICKHEM, J. (*dissenting*). As I read the record, the alleged agreement was directly between the plaintiff and the bank, and was not one made between plaintiff's husband and the bank, for her benefit. This being true, the original consideration between the husband and the bank would not support it, and the cases cited in the opinion of the court would appear to be inapplicable.

I am authorized to state that Mr. Chief Justice ROSEN-BERRY and Mr. Justice NELSON concur in this opinion.